UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                        Case No. 13-20894

D-1 Zia Hassan, et al.,                Honorable Sean F. Cox

    Defendants.
_____/

## OPINION AND ORDER

In this action, Defendant Zia Hassan, along with two other defendants, is charged in a first superceding indictment with Health Care Fraud Conspiracy and Conspiracy to Pay and Receive Kickbacks. (Doc. #39). The Government alleges that Defendants submitted false and fraudulent claims to Medicare for payment and offered kickbacks and bribes to Medicare beneficiaries in exchange for Defendants' use of their Medicare beneficiary numbers.

On May 13, 2014, Defendant Hassan filed a Motion to Compel Production of Rough Notes (Doc. #50). The Government filed a response on June 27, 2014 (Doc. #53) and the Court heard oral argument on July 2, 2014. For the reasons set forth below, the Court shall DENY Defendant's motion.

## BACKGROUND

**A)**    **Defendant Zia Hassan's Motion to Compel Discovery**

Defendant is in receipt of formal Federal Bureau of Investigation ("F.B.I.") reports and U.S. Dept. Of Health and Human Services reports regarding this case. Defendant requests that this Court order the Government to produce the rough notes made by the Government agents who interviewed Government witnesses and then prepared corresponding formal reports. In the alternative,

Defendant requests that the Government be ordered to preserve these rough notes for trial so that they may be examined by the Court after the Government witness testifies on direct examination.

**B)**   **Government's Response to Defendant's Motion**

The Government responds that Defendant's motion is untimely, as the Jencks Act permits a defendant to discover witness statements only after that witness has testified on direct examination. Here, that precondition has not occurred yet. Therefore, the Government argues, Defendant is not entitled to discovery of these rough notes.

The Government also argues that the rough notes do not qualify as witness statements because they were not adopted by the witnesses, and because the rough notes are not recordings or transcripts of witness statements.

## APPLICABLE LAW

**The Jencks Act**

The Jencks Act sets forth the circumstances under which a defendant is entitled to discover the statements of government witnesses:

> (a)   In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection *until said witness has testified on direct examination* in the trial of the case.
>
> (b)   After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified.
>
>    . . .
>
> (e)   The term "statement", as used in subsections (b), (c), and (d) of this section in relation to any witness called by the United States, means—

> (1) a written statement made by said witness and signed or otherwise adopted or approved by him;
>
> (2) a stenographic, mechanical, electrical, or other recording, or transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or
>
> (3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

18 U.S.C. § 3500 (a) - (e) (emphasis added).

In other words, the Jencks Act generally provides that a defendant "has no right to discover statements of witnesses until after the witness testifies at trial. The Court cannot order an earlier disclosure of statements by such witnesses, since it would in effect be an amendment to the *Jencks Act*." *United States v. Austin*, 99 F.R.D. 292, 301 (W.D. Mich. 1983).

Moreover, rough notes made by a government agent during an interview of a government witness are generally not discoverable. *See U.S. v. Stephens*, 492 F.2d 1367, 1377 (6th Cir. 1974) ("The Jencks Act applies to a 'substantially verbatim recitation' of an oral statement by a witness and does not apply to an officer's rough notes."). However, a government agent's rough notes taken during witness interviews may be discoverable per the Jencks Act if "(1) the notes were read back to and verified by the witnesses and (2) the reports summarized the notes without material variation." *U.S. v. Chitwood*, 457 F.2d 676, 677 (6th Cir. 1972), *citing Campbell v. U.S.*, 373 U.S. 487, 492 (1963).

"An agent's rough interview notes may also be discoverable under *Brady* if the defendant shows that the notes are exculpatory and material." *U.S. v. Lujan*, 530 F. Supp. 2d 1224, 1265 (D.N.M. 2008).

**ANALYSIS**

3

The Court shall deny Defendant Hassan's motion to compel production of rough notes of witness interviews. The Jencks Act expressly provides that witness statements, in any form, are discoverable by the defendant only after that witness testifies on direct examination at trial. 18 U.S.C. § 3500 (a). Therefore, Defendant's request is premature. However, at oral argument on this motion, the Government stated on the record that it would preserve the rough notes of its interviewing agents; Defense counsel agreed that this is an appropriate resolution of his motion.

## CONCLUSION AND ORDER

Based on the foregoing, the Court shall DENY Defendant's Motion to Compel Production of Rough Notes (Doc. #53). Further, the Court ORDERS that the Government shall preserve all rough notes made by its interviewing agents during interviews of Government witnesses until after trial in this matter has been completed.

**IT IS SO ORDERED.**

                                                S/Sean F. Cox
                                                Sean F. Cox
                                                United States District Judge

Dated: July 16, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 6, 2012, by electronic and/or ordinary mail.

                                                S/Jennifer McCoy
                                                Case Manager